**Fried, Frank, Harris, Shriver & Jacobson LLP**

One New York Plaza
New York, New York 10004-1980
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com



**APPLICATION GRANTED
SO ORDERED**

*/s/ John G. Koeltl*
**John G. Koeltl, U.S.D.J.**
3/19/08

Direct Line: 212.859.8966
Fax: 212.859.4000
James.dabney@friedfrank.com

March 17, 2008



**BY FEDERAL EXPRESS**

The Honorable John G. Koeltl
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Virgin Enterprises Ltd. v. eNom, Inc, et al.
            08 Civ. 0328

Dear Judge Koeltl:

      This office represents plaintiff Virgin Enterprises Ltd. ("VEL") in the above-entitled action.

      Pursuant to Rules 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure, we are writing to request that the Court issue an Order directing that service of process on defendant Geovics Infotech Nig. Ltd. ("Geovics") may be effected by delivering a copy of the summons and complaint to an officer, a director, a managing general agent, or any other agent authorized by appointment or by law to receive service of process on Geovics.

      In support of this application, VEL respectfully submits the following:

      1.    On January 23, 2008, this Court issued a Request for International Judicial Assistance directed to the Federal High Court of Nigeria (see Exhibit 1, as part of an effort to effect service of process on defendant Geovics "in the matter prescribed by the law of [Nigeria] . . . for service in that country in an action in any of its courts with general jurisdiction." Fed. R. Civ. P. 4(f)(2)(A); Fed. R. Civ. P. 4(h)(2).

      2.    On March 11, 2008, the Federal High Court of Nigeria refused this Court's request for judicial assistance. See Exhibit 2 hereto.

      3.    In addition to authorizing service of process in a manner prescribed by the law of a foreign country, Rule 4 authorizes service of process outside the United States "by other

Fried, Frank, Harris, Shriver & Jacobson LLP

The Honorable John G. Koeltl									March 17, 2008

Page 2

means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).

    4.    There exists no international agreement between the United States and Nigeria relating to service of process in civil actions. There is, thus, no international agreement that prohibits use of service methods that are reasonably calculated to give notice of the pendency of a civil action.

    5.    Under the circumstances, VEL respectfully submits that delivery of process to an officer, a director, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of defendant Geovics, is reasonably calculated to give notice of the commencement and pendency of this action and should be directed. Personal delivery of process to a defendant corporation's authorized agent is the standard means of effecting service on corporations under CPLR § 311 and is also a means of service that Rule 4(h)(1) authorizes for service on United States domestic corporations.

    6.    Geovics is the registrant of the domain name virginbeautyltd.biz. As shown in Exhibits 3 and 4, defendant Geovics or its licensee is engaged in ongoing activity that is challenged as willful and wanton infringement of VEL's rights. Progress of this United States civil action ought not be obstructed or delayed on account of parochial limitations that a foreign court chooses to impose on itself, especially where there is no international agreement prohibiting or limiting service of process and the action involves activity in United States commerce and alleged ongoing violations of United States domestic law.

    We very much appreciate Your Honor's consideration of the forgoing. A proposed Order is submitted herewith.

Respectfully yours,

James W. Dabney

Enclosures

564765