**Fried, Frank, Harris, Shriver & Jacobson LLP**

One New York Plaza
New York, New York 10004-1980
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com



CHAMBERS OF
THEODORE H. KATZ
US MAGISTRATE JUDGE



Direct Line: (212) 859-8966
Fax: (212) 859-4000
Email: james.dabney@friedfrank.com

May 8, 2008

**BY HAND**

Hon. Theodore H. Katz
United States Magistrate Judge
Southern District of New York
United States Courthouse
500 Pearl Street
Room 1660
New York, New York 10007

**MEMO ENDORSED**

Re:   **Virgin Enterprises Ltd. v. eNom, Inc. et al., No. 08-CV-0328 (JGK)**

Dear Judge Katz:

This office represents plaintiff Virgin Enterprises Ltd. ("VEL") in the above-entitled action.

On April 25, 2008, Judge Koeltl granted VEL's motion for issuance of a default judgment against defendant Carlo Hakopian ("Hakopian") and referred the matter to Your Honor for an inquest with respect to the appropriate form of relief.

Factual Background

This is an action for trademark infringement and related torts. VEL is the owner of numerous registrations of trademarks and service marks comprising the word VIRGIN (Complaint ¶ 27). By reason of more than 35 years of continuous and substantially continuous use, advertising, and promotion in association with a broad range of goods and services (e.g., VIRGIN ATLANTIC travel-related services, VIRGIN MEGASTORE retail stores, VIRGIN MOBILE wireless services, VIRGIN MONEY financial services), the VIRGIN mark has received judicial recognition as a "famous, arbitrary, and distinctive mark." Virgin Enters. Ltd. v. Nawab, 335 F.3d 141, 146 (2d Cir. 2003) (Leval, J.) (reversing denial of preliminary injunction and directing issuance of a preliminary injunction).

Fried, Frank, Harris, Shriver & Jacobson LLP

Hon. Theodore H. Katz                                          May 8, 2008
Page 2

Defendant Hakopian is the registrant of the domain name VIRGINDIRECT.COM (Complaint ¶ 4). Beginning at a time unknown to VEL, but long after VEL commenced use of VIRGIN in association with diverse businesses, products, and services offered in interstate commerce, defendant Hakopian adopted and commenced use of VIRGINDIRECT.COM as a purported designation for financial and travel-related services rendered in United States commerce (Complaint ¶ 31). The conduct of Hakopian is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Hakopian with VEL, or as to the origin, sponsorship, or approval by VEL of Hakopian's goods, services, or commercial activities (Complaint ¶ 35). The conduct of Hakopian is also likely to dilute the distinctive quality of VEL's famous VIRGIN mark (Complaint ¶ 42).

The Requested Relief

Enclosed with this letter is a proposed form of Default Judgment that seeks transfer of the domain name VIRGINDIRECT.COM and a permanent injunction against Hakopian's use of any trade name, trademark, service mark, domain name, or other designation that comprises the word VIRGIN. Both forms of relief are clearly warranted in the circumstances.

By his default in this action, defendant Hakopian is deemed to have admitted "all of the well-pleaded allegations in plaintiff's complaint pertaining to liability." DCH Auto Group (USA) Inc. v. Fit You Best Auto., Inc., No. 05-CV-2973, 2006 WL 279055, at *9 (E.D.N.Y. Jan. 10, 2006) (Azrack, M.J.). Hakopian is thus deemed to have admitted that his registration and use of VIRGINDIRECT.COM is likely to cause confusion, mistake, or deception of consumers and to dilute the distinctive quality of the VIRGIN mark. Hakopian is further deemed to have admitted that VIRGINDIRECT.COM was registered by him with bad faith intent to profit from the VIRGIN mark (Complaint ¶ 48).

In these circumstances, VEL is clearly entitled to the requested injunctive relief. A court "may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." DCH Auto Group, 2006 WL 279055, at *8 (quoting Kingvision Pay-Per-View, Ltd. v. Batista, No. 05-CV-0614, 2005 WL 2999427, at *5 (E.D.N.Y. Oct. 6, 2005)).

Here, 15 U.S.C. § 1116(a) expressly authorizes the Court to grant injunctive relief "to prevent a violation under subsection (a), (c), or (d)" of 15 U.S.C. § 1125. The Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125 (d)(1)(A)(i), further authorizes the court to "order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(1)(C). The same authority is granted when a court exercises *in rem* jurisdiction under 15 U.S.C. § 1125(d)(2)(D)(i).

By his default in this case, Hakopian has admitted to facts that clearly establish liability for infringement of the VIRGIN mark and irreparable harm to VEL in the absence of injunctive relief. See Virgin Enters., 335 U.S. at 152 ("as a matter of law, plaintiff demonstrated

Fried, Frank, Harris, Shriver & Jacobson LLP

Hon. Theodore H. Katz  May 8, 2008
Page 3

irreparable harm and likelihood of success on the merits and was entitled to a preliminary injunction"). Under the circumstances the Court can and should enjoin Hakopian to refrain from any further use of names or marks that comprise the word VIRGIN. The Court also can and should order that Hakopian transfer VIRGINDIRECT.COM to VEL and that the manager of the ".com" top level domain, non-party VeriSign Inc. ("VeriSign"), implement such a transfer to VEL.

Non-party VeriSign is the "registry" of the generic top level domain name, ".com." *See* http://www.iana.org/domains/root/db/; http://www.verisign.com/information-services/index.html. VeriSign may, thus, be ordered to implement transfers of ".com" domain names. E.g., Continental Airlines, Inc. v. continentalairlines.com, 390 F. Supp. 2d 501, 509 (E.D. Va. 2005) ("VeriSign as the registry of the domain names in issue, is DIRECTED, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), to change the registrars of record"); America Online, Inc. v. aol.org, 259 F. Supp. 2d 449, 454 (E.D. Va. 2003) ("[T]he statutory remedies granted under the ACPA [Anticybersquatting Consumer Protection Act] for *in rem* actions are properly enforced by a court order directing the registry, if necessary, to transfer an infringing domain name to the trademark owner.").

VeriSign maintains offices at 3 East 54th Street, 11th Floor, New York, NY 10022. *See* http://www.verisign.com/verisign-inc/verisign-contact-information/index.html#regional. VeriSign is, thus, "located" in this district for purposes of *in rem* jurisdiction under 15 U.S.C. § 1125(d)(2)(A). Additionally, "[a] court entering a default judgment may assume that it has jurisdiction over the defendant when the defendant does not appear in court to contest the judgment . . . ." Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998).

Courts in this district have directed VeriSign to change registrars of ".com" domain names on numerous occasions in the past. For example, in Virgin Enterprises Ltd. v. Virgin Tea Corp., No. 06-15517 (S.D.N.Y. Mar. 21, 2007) (copy enclosed), Judge Rakoff issued a Default Judgment that ordered the transfer of the domain name VIRGINTIPS.COM to VEL and further ordered that "Verisign, as the registry, change the registrar of record for the domain name . . . to a registrar selected by VEL, including without limitation Register.com." That is the identical ordering language that VEL seeks in this case. It was language supplied to us by VeriSign itself.

Here, in the case of the domain name VIRGINDIRECT.COM, the Russian registrar has failed to deposit documents with the Court as required by 15 U.S.C. § 1125(d)(2)(D)(i)(I). That is precisely the situation in which an order directing the registry, VeriSign, to change registrars is critical. "Congress deliberately and sensibly provided for jurisdiction where the registry is located so there would be no doubt that courts had the power to direct the registry to carry out the authorized ACPA remedies of transfer and cancellation." America Online, 259 F. Supp. 2d at 454.

The same statutory authority that empowers the Court to order a registry, such as VeriSign, to implement a domain name transfer order, similarly empowers the Court to order a

Fried, Frank, Harris, Shriver & Jacobson LLP

Hon. Theodore H. Katz
May 8, 2008
Page 4

registrar, such as non-party SBNames, Ltd. ("SBNames") to implement such an order. So, for example, the enclosed judgment in the Virgin Tea case ordered a registrar, in that case Network Solutions LLC, to associate a domain name with an internet protocol sequence supplied by VEL, in addition to ordering VeriSign, the registry, to change the domain name's registrar.

In sum, the transfer relief sought by VEL is well within the Court's statutory authority under 15 U.S.C. § 1125(d) and is, indeed, the only effective means of securing transfer of an infringing domain name where an overseas registrar "is uncooperative and declines to comply with a proper ACPA transfer order." America Online, 259 F. Supp. 2d at 455 (ordering registry to change registrars where South Korean registrar did not transfer domain name to plaintiff).

We appreciate very much Your Honor's consideration of the foregoing.

Respectfully yours,

James W. Dabney

Enclosure

7021014

*[Handwritten note:]* A copy of this letter - request for an injunction and entry of a default judgment shall be sent to Defendant Hakopian, who shall have until June 2, 2008 to respond.

5/12/08

**SO ORDERED**

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
VIRGIN ENTERPRISES LIMITED,                   :
:
                          Plaintiff,    :          **ECF CASE**
:
        - against -                         :          08 Civ. 0328 (JGK)
:
ENOM, INC., et. al.,                          :          **DEFAULT JUDGMENT**
:
                         Defendants.   :
:
------------------------------------------------------------------x

      This matter having been opened to the Court on the application of plaintiff Virgin Enterprises Ltd. for issuance of a default judgment against defendant Carlo Hakopian ("Hakopian"); and it appearing this action was commenced by the filing of the Complaint on January 14, 2008; and it further appearing that defendant Hakopian was personally served with a summons and a copy of the Complaint on February 13, 2008; and further appearing that defendant Hakopian was served with an Amended Complaint by first class mail on February 29, 2008; and futher appearing that defendant Hakopian has not appeared in this action and his time for doing so having expired, it is hereby

      ORDERED, that Carlo Hakopian, his agents, servants, employees, and attorneys, and all other persons in active concert or participation with Carlo Hakopian who receive notice of this Order by personal service or otherwise, are permanently enjoined and restrained from using, registering, or maintaining any trade name, trademark, service mark, domain name, or other designation that incorporates the word "VIRGIN"; and it is further

      ORDERED, that the registration of domain name VIRGINDIRECT.COM is hereby TRANSFERRED to plaintiff Virgin Enterprises Limited ("VEL"); and it is further

ORDERED, that the registrar SBNames, Ltd., or any subsequent registrar, is hereby directed to associate the domain name VIRGINDIRECT.COM with an internet protocol sequence to be supplied by VEL; and it is further

ORDERED, that VeriSign, Inc., as the registry, change the registrar of record for the domain name VIRGINDIRECT.COM from the current registrar, SBNames, Ltd., to a registrar selected by VEL, including without limitation, Corporation Service Company, which subsequently will register domain name VIRGINDIRECT.COM in the name of Virgin Enterprises Limited.

DONE and ORDERED this ___ day of _____, 2008.

_____
Magistrate Judge Theodore H. Katz
United States Magistrate Judge

7021601

James W. Dabney (JD 9715)
Darcy M. Goddard (DG 2260)
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004-1980
Telephone: 212.859.8000
Facsimile: 212.859.4000

Attorneys for Plaintiff Virgin Enterprises Ltd.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-21-07
```

------------------------------------------------------------x

VIRGIN ENTERPRISES LIMITED,

            Plaintiff,

- against -

VIRGIN TEA CORP. and VIRGINTIPS.COM,

            Defendants.

------------------------------------------------------------x

06-CIV-15517 (JSR)

ECF CASE

~~PROPOSED~~ **ORDER FOR DEFAULT JUDGMENT**

     This action having been commenced by the filing of the complaint on December 28, 2006; a copy of the summons and complaint having been served on Defendant Virgin Tea Corp. ("VTC") on February 3, 2007; and VTC not having appeared in this action, and its time for doing so having expired, it is hereby

     ORDERED, that VTC, its servants, employees, representatives, attorneys, successors, and assigns, and all others acting in active concert or participation with it who receive notice of this Order are permanently enjoined and restrained from using, registering, or maintaining any trade name, trademark, service mark, domain name, or other designation that incorporates the word "VIRGIN"; and it is further

ORDERED, that the registration of the domain name VIRGINTIPS.COM, having previously been deposited with this Court by the registrar Network Solutions LLC, is hereby TRANSFERRED to Plaintiff Virgin Enterprises Limited ("VEL"); and it is further

ORDERED, that the registrar Network Solutions LLC or any subsequent registrar is hereby directed to associate the domain name VIRGINTIPS.COM with the internet protocol sequence to be supplied by VEL; and it is further

ORDERED, that Verisign, as the registry, change the registrar of record for the domain name VIRGINTIPS.COM from the current regsitrar, Network Solutions LLC, to a registrar selected by VEL, including without limitation, Register.com.

DONE and ORDERED this 19th day of March, 2007.

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York

546751.v1