

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
VIRGIN ENTERPRISES LIMITED,          :
                                     :
                    Plaintiff,       :
                                     :
          -against-                  :    08 Civ. 0328 (JGK)(THK)
                                     :
ENOM, INC., et al.                   :    **REPORT AND RECOMMENDATION**
                                     :
                    Defendants.      :
------------------------------------X

**TO: HON. JOHN G. KOELTL, UNITED STATES DISTRICT JUDGE.**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., the New York General Business Law §§ 360-61, and the common law of the State of New York. Plaintiff Virgin Enterprises Limited ("VEL") alleges that, long after VEL commenced use of certain VIRGIN marks to identify diverse businesses, products, and services offered in the United States, Defendants adopted and commenced use of various websites containing the word Virgin to identify different products and services. On April 25, 2008, the Honorable John G. Koeltl granted VEL's motion for a default judgment against one of the Defendants, Carlo Hakopian ("Hakopian"), and referred the matter to this Court for an inquest on damages and for a determination of whether a Rule 54(b) entry is appropriate.

By letter dated May 8, 2008, Plaintiff requested entry of a judgment in the form of a permanent injunction enjoining Hakopian, or anyone working with him or on his behalf, "from using,

registering, or maintaining any trade name, trademark, service mark, domain name, or other designation that incorporates the word 'VIRGIN.'" Plaintiff's proposed Default Judgment also calls for transfer of the domain name VIRGINDIRECT.COM to VEL, along with necessary steps to have that domain name associated with VEL. Plaintiff has waived any claim to monetary damages. This Court instructed Plaintiff to send a copy of its letter application to Hakopian, which it did. Hakopian was allowed until June 2, 2008 to respond, but he failed to do so.

For the reasons that follow, this Court recommends that a default judgment be entered against Defendant Hakopian in the form proposed by Plaintiff.

## DISCUSSION

I. Legal Standards

Upon the default of a party, a court must accept all factual allegations of the complaint as true, except those relating to damages. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). A default judgment that is entered on the well-pleaded allegations in a complaint establishes a defendant's liability, see Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995); S.E.C. v. Mgmt. Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975), and the sole issue that remains

before the court is whether the plaintiff has provided adequate support for the relief it seeks. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Deshmukh v. Cook, 630 F. Supp. 956, 959 (S.D.N.Y. 1986) (when a defendant defaults, "the factual allegations of the complaint relating to liability are taken as true, but the allegations relating to the amount of damages are not").

These rules also apply where a plaintiff is seeking injunctive, as opposed to monetary, relief. "A court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." Pitbull Prods., Inc. v. Universal Netmedia, Inc., No. 07 Civ. 1784 (RMB) (GWG), 2007 WL 3287368, at *5 (S.D.N.Y. Nov. 07, 2007) (quoting Kingvision PayPerView Ltd. v. Lalaleo, 429 F. Supp. 2d 506, 516 (E.D.N.Y.2006)).[1] To meet the

---

[1] 15 U.S.C. § 1116(a) authorizes the Court to grant injunctive relief to "prevent a violation under subsection (a), (c), or (d)" of 15 U.S.C § 1125, the section of the Trademark Act relating to false designation of origin, false descriptions, and dilution. The Anti-Cybersquatting Consumer Protection Act ("ACPA") authorizes the Court to "order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125 (d)(1)(C). This same authority is available when a court exercises in rem jurisdiction under 15 U.S.C. § 1125 (d)(2)(D)(i).

second prong, "a party seeking a[n] . . . injunction must demonstrate irreparable harm and the absence of an adequate remedy at law." Kingvision, 429 F. Supp. 2d at 516 (citing Rondeau v. Mosinee Paper Corp., 422 U.S. 49, 57 (1975)); see also Gucci Am., Inc. v. Duty Free Apparel, Ltd., 286 F. Supp. 2d 284, 290 (S.D.N.Y. 2003) ("To obtain a permanent injunction, [the requesting party] must demonstrate (1) actual success on the merits and (2) irreparable harm."). A default constitutes an admission of liability and, thus, a likelihood of success on the merits. See, e.g., Gucci America, Inc. v. MyReplicaHandbag.com, No. 07 Civ. 2438 (JGK), 2008 WL 512789, at *5 (S.D.N.Y. Feb. 26, 2008). In a trademark case, "irreparable injury is established where 'there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question." DCH Auto Group (USA) Inc. v. Fit You Best Automobile, No. 05 Civ. 2973, 2006 WL 279055, at *9 (E.D.N.Y. Jan. 10, 2006) (quoting Lobo Enters., Inc. V. Tunnel, Inc., 822 F.2d 331, 333 (2d Cir. 1987)).

II. Established Facts and Liability

As a result of Defendants' default, the following facts in the Complaint are deemed admitted and establish Defendants' liability for trademark infringement.

VEL is the owner of numerous registrations of trademarks and

service marks comprising the word VIRGIN. (Complaint ¶ 27.)[2] Defendant Hakopian is the registrant of the domain name VIRGINDIRECT.COM. (Id. ¶ 4.) Long after VEL began using VIRGIN in connection with its diverse businesses, products, and services, Hakopian adopted and began using VIRGINDIRECT.COM as a purported designation for financial and travel-related services rendered in United States commerce. (Id. ¶ 31.) Hakopian's use of VIRGINDIRECT.COM is likely to cause confusion, mistake, or to deceive consumers as to (1) the affiliation, connection, or association of Hakopian with VEL, or (2) the origin, sponsorship, or approval by VEL of Hakopian's goods, services, or commercial activities. (Id. ¶ 35.) Hakopians' use of VIRGINDIRECT.COM is also likely to dilute the distinctive quality of VEL's famous VIRGIN mark. (Id. ¶ 42.) Moreover, Hakopian is deemed to have admitted that he registered VIRGINDIRECT.COM in bad faith in order to profit from the VIRGIN mark. (Id. ¶ 48.)

These facts establish (1) Defendant Hakopian's liability for, among other things, trademark infringement, and (2) that VEL would suffer irreparable injury if Hakopian were not ordered to cease use of the domain name VIRGINDIRECT.COM. These facts also warrant an order requiring Hakopian to transfer VIRGINDIRECT.COM to Plaintiff. See 15 U.S.C. § 1125(d)(1)(C) ("In any civil action involving the

---

[2] The VIRGIN mark has been recognized as a "famous, arbitrary and distinctive mark." Virgin Enters., Ltd. v. Nawab, 335 F.3d 141, 146 (2d Cir. 2003).

registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark.").

Plaintiff also seeks an order requiring the manager of the ".com" top level domain, non-party Verisign Inc. ("Verisign"), to implement the transfer of VIRGINDIRECT.COM to VEL.[3] Verisign is the "registry" of the generic top level domain name, ".com", and can be ordered to implement transfers of ".com" names. See e.g., Venetian Casino Resort, LLC v. Venetiangold.Com, 380 F. Supp. 2d 737, 746 (E.D. Va. 2005); Continental Airlines, Inc. v. continentalairlines.com, 390 F. Supp. 2d 501, 509 (E.D. Va. 2005).[4]

Finally, Plaintiff seeks an order directing the current registrar of the domain name, Wild West Domains, Inc. ("Wild West"), or any subsequent registrar, to associate the domain name with an internet protocol sequence supplied by VEL.[5] Wild West

---

[3] Plaintiff alleges, and the Court has confirmed, that Verisign maintains offices in New York City, and is, therefore, located in this district for purposes of in rem jurisdiction under 15 U.S.C. § 1125(d)(2)(A).

[4] United States District Court Judge Jed S. Rakoff, of this Court, recently issued an Order directing Verisign to change registrars of a ".com" domain name. See Virgin Enters. Ltd. v. Virgin Tea Corp., No. 06 Civ. 15517 (S.D.N.Y. Mar. 21, 2007).

[5] The District Court (Koeltl, J.) recently ordered a different registrar, Melbourne IT, Ltd., to register or re-register the domain name VIRGINBEAUTYLTD.BIZ to Plaintiff. (See Order, dated July 7, 2008.)

has provided a Registrar Certificate to the Court, pursuant to 15 U.S.C. 1125 § (d)(2)(D)(i)(1), which provides the Court with control and authority over the VIRGINDIRECT.COM domain registration record. (See Plaintiff's Letter to the Court, dated July, 16, 2008 (with attached certificate).) Thus, the Court has authority to order this relief. See also America Online, Inc. v. aol.org, 259 F. Supp. 2d 449, 454 (E.D. Va. 2003) (granting similar relief); Virgin Enters. Ltd. v. Virgin Tea Corp., No. 06 Civ. 15517 (S.D.N.Y. Mar. 21, 2007) (same).

## CONCLUSION

For the reasons set forth above, this Court respectfully recommends that a judgment be entered for Plaintiff and against Defendant Carlo Hakopian, in the form of the proposed Default Judgment attached hereto. This Court further recommends that the District Court enter its judgment pursuant to Federal Rule of Civil Procedure 54(b), as there is no just reason for delay. Plaintiff is directed to provide copies of this Report & Recommendation to non-parties Verisign, Inc. and Wild West Domains, Inc.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties **[and non-parties who are the subject of this Report & Recommendation]** shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (d). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to

the chambers of the Honorable John G. Koeltl, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Koeltl. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 147-48, 106 S. Ct. 466, 471 (1985); Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002); Spence v. Superintendent, 219 F.3d 162, 174 (2d Cir. 2000); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1999)(per curiam).

Respectfully Submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: July 17, 2008
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
VIRGIN ENTERPRISES LIMITED,                :
                                            :
                        Plaintiff,          :        ECF CASE
                                            :
            - against -                     :        08 Civ. 0328 (JGK)
                                            :
ENOM, INC., et. al.,                        :        **DEFAULT JUDGMENT**
                                            :
                        Defendants.         :
                                            :
----------------------------------------------------------------- x

  This matter having been opened to the Court on the application of plaintiff Virgin Enterprises Ltd. for issuance of a default judgment against defendant Carlo Hakopian ("Hakopian"); and it appearing this action was commenced by the filing of the Complaint on January 14, 2008; and it further appearing that defendant Hakopian was personally served with a summons and a copy of the Complaint on February 13, 2008; and further appearing that defendant Hakopian was served with an Amended Complaint by first class mail on February 29, 2008; and futher appearing that defendant Hakopian has not appeared in this action and his time for doing so having expired, it is hereby

  ORDERED, that Carlo Hakopian, his agents, servants, employees, and attorneys, and all other persons in active concert or participation with Carlo Hakopian who receive notice of this Order by personal service or otherwise, are permanently enjoined and restrained from using, registering, or maintaining any trade name, trademark, service mark, domain name, or other designation that incorporates the word "VIRGIN"; and it is further

  ORDERED, that the registration of domain name VIRGINDIRECT.COM is hereby TRANSFERRED to plaintiff Virgin Enterprises Limited ("VEL"); and it is further

ORDERED, that the registrar Wild West Domains, Inc., or any subsequent registrar, is hereby directed to associate the domain name VIRGINDIRECT.COM with an internet protocol sequence to be supplied by VEL; and it is further

ORDERED, that VeriSign, Inc., as the registry, change the registrar of record for the domain name VIRGINDIRECT.COM from the current registrar, Wild West Domains, Inc., to a registrar selected by VEL, including without limitation, Corporation Service Company, which subsequently will register domain name VIRGINDIRECT.COM in the name of Virgin Enterprises Limited.

DONE and ORDERED this ___ day of _____, 2008.

_____

7021601